**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY HILL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-3326  (UNA) |
| | ) | |
| FRANKLIN COUNTY COURT OF, | ) | |
| COMMON PLEAS, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**<u>Memorandum Opinion</u>**

This matter is before the court on consideration of Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The court grants the application, dismisses the complaint and this civil action without prejudice, and denies Plaintiff's pending motions, ECF Nos. 5–6, without prejudice as moot.

It appears that Plaintiff is litigating a matter in the Franklin County Court of Common Pleas. According to the complaint, the presiding judges closed that case "without adjudication to shield [defendants] from liability." ECF No. 1 ¶ 1. Among other relief, Plaintiff demands a "Writ of Mandamus compelling Franklin County Court to case fraud, enter a final order, and transmit the full record for federal review." *Id*. at 3 (page number designated by CM/ECF). The court cannot do this.

As a general rule, a federal district court lacks jurisdiction to review the decisions of other courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (explaining that "federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts"); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011)

1

(stating that district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts").

Because the court lacks subject matter jurisdiction, the complaint and this civil action must be dismissed. A separate order accompanies this memorandum opinion.


/s/
AMIR H. ALI
United States District Judge

DATE: April 13, 2026